FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 28 2005

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

A CERTIFIED TRUE COPY

OCT 18 2005

ATTEST _____
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 18 2005

FILED
CLERK'S OFFICE

RELEASED FOR PUBLICATION

DOCKET NO. 1716

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE OXYCONTIN PRODUCTS LIABILITY LITIGATION (NO. II)

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### ORDER DENYING TRANSFER    4:04cv602 GH

This litigation currently consists of 25 actions listed on the attached Schedule A and pending in seventeen districts as follows: five actions in the Southern District of Illinois; two actions each in the Central District of Illinois, the Eastern District of Kentucky, the Northern District of Texas and the Eastern District of Wisconsin; and one action each in the District of Arizona, the Eastern District of Arkansas, the Central District of California, the Middle District of Florida, the Southern District of Iowa, the District of Kansas, the Western District of Louisiana, the District of New Hampshire, the Southern District of New York, the Southern District of Ohio, and the Eastern and Southern Districts of Texas.[1]  The plaintiffs in these 25 actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Southern District of Illinois, or, alternatively, the Southern District of New York. All responding defendants oppose transfer.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Movants have failed to demonstrate that any common questions of fact and law are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer in this docket where i) pretrial proceedings are already advanced in certain of the

---

[1] The Section 1407 motion, as originally filed, included six additional actions: one action pending in the Middle District of Georgia, *Cornelia Taylor v. Purdue Pharma Co., et al.*, C.A. No. 5:04-197; one action pending in the Northern District of Mississippi, *Gregory Suber, Sr. v. Purdue Pharma L.P., et al.*, C.A. No. 4:03-97; one action pending in the Southern District of Mississippi, *Henry Butch Turner v. Purdue Pharma Co., et al.*, C.A. No. 3:04-403; two actions pending in the Southern District of New York, *Linda Terry v. Purdue Pharma Co., et al.*, C.A. No. 1:04-2102, and *Danielle Chaballa v. P.F. Laboratories, Inc., et al.*, C.A. No. 1:05-3500; and one action pending in the Southern District of Ohio, *Judy Wethington, et al. v. Purdue Pharma LP, et al.*, C.A. No. 01:01-441. Subsequently, i) movants determined that the Southern District of New York *Chaballa* action had been included on their Section 1407 motion in error, and they amended their motion to withdraw the action from the Panel's consideration; ii) the Northern District of Mississippi action was dismissed pursuant to a grant of summary judgment for the defendants; and iii) the remaining four actions have been resolved pursuant to stipulations of dismissal entered into by the parties to the actions. Accordingly, the question of Section 1407 transfer with respect to these six actions is moot.

- 2 -



constituent actions, and ii) plaintiffs in all actions subject to the transfer motion are represented by common counsel.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

<u>MDL-1716 -- In re OxyContin Products Liability Litigation (No. II)</u>

<u>District of Arizona</u>

*Frank D. Marcum v. Purdue Pharma Co., et al.*, C.A. No. 2:04-1824

<u>Eastern District of Arkansas</u>

*Michael R. Engle v. Purdue Pharma Co., et al.*, C.A. No. 4:04-602

<u>Central District of California</u>

*Shari J. Sanders v. Purdue Pharma Co., et al.*, C.A. No. 2:04-4665

<u>Middle District of Florida</u>

*Daniel B. Timmons v. Purdue Pharma L.P., et al.*, C.A. No. 8:04-1479

<u>Central District of Illinois</u>

*Michael J. Collins v. Purdue Pharma Co., et al.*, C.A. No. 3:04-3279
*James E. Plowman v. Purdue Pharma Co., et al.*, C.A. No. 3:04-3280

<u>Southern District of Illinois</u>

*Robert G. Savant v. Purdue Pharma Co., et al.*, C.A. No. 3:04-394
*Betty F. McKane v. Purdue Pharma Co., et al.*, C.A. No. 3:04-395
*Marie L. Cavenaile v. Purdue Pharma Co., et al.*, C.A. No. 3:04-401
*Cathy D. Wilken, et al. v. Purdue Pharma Co., et al.*, C.A. No. 3:04-402
*Timothy Wilkes v. Purdue Pharma Co., et al.*, C.A. No. 3:04-403

<u>Southern District of Iowa</u>

*Chelly Griffith v. Purdue Pharma Co., et al.*, C.A. No. 3:04-10072

<u>District of Kansas</u>

*William J. Honeyman v. Purdue Pharma Co., et al.*, C.A. No. 2:04-2411